UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60178-CV-MIDDLEBROOKS/BRANNON

DONALD BLAIR, *et al.*,

        *Plaintiffs,*

vs.

BED BATH & BEYOND, INC.,

        *Defendant.*

**DEFENDANT BED BATH & BEYOND, INC.'S MOTION TO STAY PENDING DECISION ON ITS MOTION TO DISMISS OR TRANSFER THE COMPLAINT AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

# **TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ................................................................................................. 1

**BACKGROUND** ........................................................................................................................ 2

**ARGUMENT**.............................................................................................................................. 3

I.     **THE COURT SHOULD STAY THIS ACTION PENDING ITS DECISION ON THE DISPOSITIVE MOTION** ................................................................................ 3

II.     **THIS MOTION AND THE DISPOSITIVE MOTION SHOULD BE ACCORDED AN EXPEDITED BRIEFING SCHEDULE.**............................................ 6

**CONCLUSION** .......................................................................................................................... 7

**LOCAL RULE 7.1(a)(3) CERTIFICATION**............................................................................. 7

Defendant Bed Bath & Beyond, Inc. ("BB&B") moves this Court for a stay of this matter (the "Stay Application") pursuant to its inherent power and Fed. R. Civ. P. 23(d)(1)(A) until this Court decides BB&B's pending Motion to Dismiss or Transfer the Complaint (Dkt. No. 13, the "Dispositive Motion") to the Southern District of New York ("SDNY"), where *In re Welspun Litigation*, No. 16 Civ. 6792 (RJS) (the "SDNY Action")—a consolidated class action involving the same allegations and a larger putative class—is already pending. Given the fast-approaching deadlines in this case, Defendant BB&B also respectfully requests that both the pending Dispositive Motion and the Stay Application be briefed on an expedited schedule.

## PRELIMINARY STATEMENT

On February 21, 2017, Defendant BB&B moved to dismiss Plaintiffs' complaint for lack of personal jurisdiction and proper venue, or in the alternative to transfer this action to the SDNY, where a nationwide putative class action alleging the same exact conduct at issue here— the labeling of Welspun-manufactured bed linens as "100% Egyptian Cotton"—has been pending for more than six months.[1] As explained in BB&B's Dispositive Motion, this suit is a thinly-veiled attempt to forum shop. Plaintiffs' complaint alleges no actionable ties to this forum and asserts claims subsumed by the SDNY Action, which covers the sales of Welspun Egyptian cotton bed linens sold by *all* U.S. retailers, not just those sold by Defendant BB&B, as alleged here. (Dispositive Mot. at 1.) Indeed, the instant suit was filed only after Plaintiffs' counsel, Hagens Berman Sobol Shapiro LLP ("Hagens") and the Paynter Law Firm ("Paynter"), were challenged—successfully—as plaintiffs' lead counsel for the earlier-filed SDNY Action. (Dispositive Mot. at 4–5 & Ex. 6, *Welspun* Lead Counsel Order at 3.)[2]

BB&B seeks this short stay to avoid the conflicts and inefficiencies that would inevitably arise from conducting this parallel litigation, which is a subset of the SDNY Action, in a forum with no jurisdictional ties to the parties or the alleged wrongdoing. Without dismissal or transfer, the parties will engage in duplicative litigation—litigating in this Court, the Plaintiffs' claims as to Welspun products sold by BB&B, and then for all U.S. retailers in the SDNY. Given the schedule governing this case, these parallel issues will be broached quickly, and in certain instances, even prior to the resolution of BB&B's Dispositive Motion and far in advance

---

[1] "Welspun" hereinafter refers to Welspun India Ltd. and Welspun USA, Inc.

[2] All exhibits refer to the exhibits to the Dispositive Motion (Dkt. No. 13).

of the consolidated SDNY Action. (*See* Pretrial Scheduling Order ¶ 10, Dkt. No. 15 (providing that a Fed. R. Civ. P. 26(f) discovery plan shall be filed on March 8, 2017, which is almost a week before briefing on the Dispositive Motion will be complete).) And while Plaintiffs here would face zero prejudice from a stay, since their claims are already being litigated on their behalf by the putative class in the SDNY Action, proceeding in the ordinary course would serve to reward the gamesmanship of their counsel, who were *rejected* as lead counsel of the SDNY Action.

The requested short stay, which comes at the infancy of this matter, is well supported. As the Eleventh Circuit has made clear, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). That is all the more appropriate here, since, as the Dispositive Motion establishes, BB&B is not even properly before this Court. (Dispositive Mot. at 5–8.)

Consistent with the practice of courts across this Circuit who routinely exercise the power to stay a proceeding in the interests of judicial economy and efficiency, this Court should stay this matter until it decides the Dispositive Motion. To avoid prejudice during the pendency of its Dispositive Motion, BB&B additionally requests that the Court expedite briefing on both the Dispositive Motion and this Stay Application.

## BACKGROUND

This case is intertwined with a string of cases involving bed linens manufactured by Welspun labeled as "100% Egyptian Cotton" and distributed by well-known retailers like BB&B.[3] The cases against Welspun were consolidated into the SDNY Action before Judge Sullivan, and the only related action not naming Welspun as a defendant, *Monahan v. Wal-Mart Stores, Inc.*, No. 16 Civ. 8662 (RJS), Dkt. No. 1 (S.D.N.Y. Nov. 8, 2016) (the "*Monahan* action")—filed by Hagens and Paynter, naming Walmart as a defendant for its sale of Welspun products—was coordinated with the SDNY Action. (Ex. 5, *Welspun* Consolidation Order at 3.) After consolidation, Hagens and Paynter sought to be named interim lead counsel to plaintiffs in the SDNY Action. (Dispositive Mot. at 2.) While their application was pending, Hagens and Paynter hedged their bets: they filed this sister, copycat lawsuit on behalf of the instant Plaintiffs,

---

[3] BB&B respectfully directs the Court to the Dispositive Motion for a full recitation of the related cases in this action.

2

repurposing the same claims they made in the *Monahan* action against Walmart to improperly litigate in this District and circumvent the SDNY in case their push for lead counsel failed. Indeed, Plaintiffs' putative class here is completely subsumed in the putative class at issue in the SDNY Action: whereas Plaintiffs' complaint here defines the putative class to include only those individuals who "purchased bed linens from [BB&B] which were manufactured by Welspun and labeled as '100% Egyptian Cotton,'" the SDNY complaint against Welspun defines the putative class much more broadly to include all individuals who purchased bed linens "manufactured or distributed by [Welspun] and labeled as '100% Egyptian Cotton,'" regardless of retailer. (*Compare Blair* Compl. ¶ 47, *with, e.g.*, Ex. 1, *Abbott* Compl. ¶ 29, Ex. 8, *Brower* Compl. ¶ 32.)[4] Judge Sullivan has since denied Hagens' and Paynter's motion for appointment as interim lead counsel, stating his concern that their "convoluted" proposed multi-firm structure would lead to "duplicated efforts" and "wasted resources." (Ex. 6, *Welspun* Lead Counsel Order at 3.)

Without an immediate stay, the instant suit is likely to overtake the SDNY Action, undermining the efficiencies created by the consolidation and coordination orders in the SDNY. Pursuant to the Court's Pretrial Scheduling Order (¶ 10), the deadlines for preliminary discovery, class certification, and expert disclosure are far in advance of the anticipated deadlines in the SDNY Action, in which a consolidated amended complaint will first be filed on February 27, 2017, and a discovery plan will follow 30 days after that. (Ex. 6, *Welspun* Lead Counsel Order at 3.) What is more, substantive briefing on the Dispositive Motion will not be completed until March 14, 2017—at least six days ***after*** the formal commencement of discovery with the parties' 26(f) conference, and just six days before motions for class certifications are to be filed. (*Id.*)

## ARGUMENT

### I.  THE COURT SHOULD STAY THIS ACTION PENDING ITS DECISION ON THE DISPOSITIVE MOTION

The authority to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord. Clinton v. Jones*, 520 U.S. 681, 706 (1997). The limited stay requested by BB&B here will promote judicial economy and efficiency, while preventing hardship to BB&B and avoiding prejudice to Plaintiffs. *See*

---

[4]  References to "*Blair* Compl. ¶ __" are to the corresponding paragraphs of the complaint in this case (Dkt. No. 1).

*Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) ("Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions."); *see also Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-cv-Cohn, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15 2011) ("Federal district courts routinely exercise the power to stay a proceeding where a stay would promote judicial economy and efficiency."). The requested stay is also authorized and appropriate under the Court's power in managing a putative class action to "determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument." Fed. R. Civ. P. 23(d)(1)(A).

First, a brief stay is warranted because "neither the parties nor the [C]ourt have any need for discovery before the [C]ourt rules on the [Dispositive Motion]," given the potential that motion has to dispose of Plaintiffs' entire action. *See Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.) ("courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action" (internal quotations omitted)), *aff'd*, 87 F. App'x 713 (11th Cir. 2003).

In fact, if the Court dismisses this action due to its lack of personal jurisdiction over BB&B or the fact that venue is improper in this District, all other issues and any other rulings would be rendered moot. *See Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-cv-Moreno, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (issuing stay pending disposition of motion to dismiss because "[t]he venue and standing issues are threshold legal issues that are case dispositive"); *Morrissey v. Subaru of Am., Inc.*, No. 15-21106-cv-Moore, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) ("It would promote judicial economy and efficiency by avoiding the litigation of issues that may become irrelevant or moot."). Consistent with the Eleventh Circuit's instruction that "[f]acial challenges to the legal sufficiency of a claim or defense . . . should . . . be resolved before discovery begins," *Chudasama*, 123 F.3d at 1366, a stay of the deadlines in this case pending resolution of the Dispositive Motion would promote judicial economy and efficiency.

Second, judicial economy favors a stay because of the potential for consolidation and coordination of this case with the SDNY Action. Given the "extensive similarities between the issues in the cases . . . the interests of justice and judicial economy, including avoiding

inconsistent results, the duplication of efforts, and the waste of judicial resources, will be promoted by granting a stay of this proceeding." *Miccosukee Tribe v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1194 (11th Cir. 2009) (internal quotation marks omitted). All of the upcoming actions in this case—negotiating a discovery plan, amending pleadings, moving for class certification—would be accomplished more efficiently if coordinated with the SDNY Action. Pressing forward during the pendency of the Dispositive Motion "risk[s] inconsistent rulings, duplicate litigation, and unnecessary expense" in the event of transfer. *Cherry v. Tama Broad., Inc.*, No. 13-60552-cv-Cohn, 2013 WL 1295536, at *1 (S.D. Fla. Mar. 28, 2013). For the same exact reasons, courts routinely stay actions pending MDL motions similar to the one that Welspun filed before Hagens and Paynter voluntarily consented to consolidation in the SDNY. *See, e.g.*, *Hess v. Volkswagen Grp. of Am., Inc.*, No. 2:16-CV-00668-KOB, 2016 WL 3483166, at *3 (N.D. Ala. June 27, 2016).

Third, the balance of hardships also favors a stay while the Dispositive Motion is pending. *See id.* at *4 (balancing "[p]otential prejudice to the non-moving party" against "hardship and inequity to the moving party if the action is not stayed"); *see also Landis*, 299 U.S. at 254–55 (In deciding motions to stay, courts "must weigh competing interests and maintain an even balance."). Granting a stay will prevent BB&B from expending resources and fees on legal work in this action that may either be entirely unnecessary should this Court dismiss the action, or will need to be repeated should this Court transfer the action to the SDNY. Just as important, if the case is transferred to the SDNY, Plaintiffs and potential class members will benefit from a stay by avoiding "duplicated efforts" with the plaintiffs in the SDNY Action, leading to "wasted resources" that could diminish any class recovery. (Ex. 6, *Welspun* Lead Counsel Order at 3.)

At the same time, a stay will not prejudice Plaintiffs. This case is in the earliest stage: answers have not been submitted; the parties have not conducted a Rule 26(f) conference; discovery has not commenced; and a class has not been certified. Even if BB&B's Dispositive Motion is ultimately denied, a brief pause before litigation begins in earnest would cause Plaintiffs no cognizable harm. *See Lopez*, 145 F. Supp. 3d at 1208 (finding "a stay will not prejudice Plaintiff since a decision is expected within the year").

In fact, the only ones who benefit from having this case move forward before a decision on the Dispositive Motion are Plaintiffs' counsel. This entire action is an unnecessary waste of legal resources ginned up by Hagens and Paynter, in contrivance of their agreement that "all

5

actions involving Welspun Egyptian cotton products [should] coordinate discovery before [Judge Sullivan in the SDNY]." (Ex. 3, *Welspun* Status Report at 4.) Their transparent and improper forum shopping should not be countenanced and weighs heavily in favor of a stay. *See Brown v. Blue Cross & Blue Shield of Fla., Inc.*, No. 11-80390-cv-Middlebrooks, 2011 WL 11532078, at *9 (S.D. Fla. Aug. 8, 2011) ("Cognizant of the strong federal policy against forum shopping, I find that this factor weighs heavily in favor of a stay."), *aff'd*, 456 F. App'x 854 (11th Cir. 2012).

## II. THIS MOTION AND THE DISPOSITIVE MOTION SHOULD BE SUBJECT TO AN EXPEDITED BRIEFING SCHEDULE.

To preserve this Court's ability to grant the relief requested by this Stay Application, it is necessary to waive the time requirements under the Local Rules and hear the application on an expedited basis. Otherwise, the Dispositive Motion will not be fully briefed until March 14, 2017, this Stay Application will not be fully briefed until March 17, 2017, S.D. Fla. L.R. 7.1(c), and neither will be decided until sometime after that. By then, BB&B will have suffered much of the harm sought to be avoided—absent an expedited stay, the parties will expend significant time and resources to comply with the deadlines under the Pretrial Scheduling Order, including negotiating and filing a discovery plan by March 8, 2017, amending pleadings by March 13, 2017, moving for class certification by March 20, 2017, and completing discovery by June 26, 2017. (*See* Pretrial Scheduling Order ¶ 10.)

Should this Court grant the Dispositive Motion and dismiss this action, all that effort will be wasted; if this Court transfers the action to the SDNY for consolidation or coordination with the SDNY Action, much of that effort will be superfluous or need to be repeated among the appointed counsel in that case, which is exactly the type of inefficiency that Judge Sullivan sought to avoid by consolidating all pending actions against Welspun—with the consent of Hagens and Paynter—into the SDNY Action. In the SDNY Action, for instance, the plaintiffs will not file their consolidated amended complaint until February 27, 2017, and the parties will not file their discovery plan until 30 days after that. Moreover, the SDNY is encouraging the parties to engage in settlement conversations at the outset and has designated a magistrate judge to oversee that process.

Accordingly, BB&B requests that the Dispositive Motion and Stay Application be heard on an expedited basis.[5]  BB&B requests that the Court order that Plaintiffs serve their opposition to both this Motion and the Dispositive Motion by March 2, 2017, and BB&B will file any replies by March 6, 2017.

## CONCLUSION

For the foregoing reasons, Defendant BB&B respectfully requests that the Court stay all proceedings for the pendency of BB&B's Motion to Dismiss or Transfer the Complaint (Dkt. No. 13), except for the briefing of the Dispositive Motion, and order service of Plaintiffs' opposition to the Dispositive Motion by March 2, 2017, and any reply by March 6, 2017.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows:

- Telephone call to Leonard W. Aragon: 2:58pm PST (left voicemail).
- Telephone call to Leonard W. Aragon: 4:25pm PST (left voicemail).
- E-mail to Leonard W. Aragon: 4:33pm PST.
- Telephone call to Leonard W. Aragon (to alternative number provided in Mr. Aragon's auto-away message): 4:37pm PST (left voicemail).

The undersigned notes that Mr. Aragon subsequently responded noting that he is unable to take a position until next week but given the time sensitive nature of the relief sought herein the undersigned felt it important to promptly bring this matter to the Court's attention.

/s/ Peter W. Homer_____
Peter W. Homer

---

[5] This Application for Stay is in no way the result of "dilatory conduct" by BB&B or its attorneys.  BB&B has worked diligently since being served on February 6, 2017. (Return of Service, Dkt. No. 12.) BB&B had until February 27, 2017 to answer or move to dismiss the complaint, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), but BB&B filed its Dispositive Motion on February 21, just 15 days after being served.  At that time, Magistrate Judge Brannon had yet to enter the Pretrial Scheduling Order, so there was no cause to consider the Dispositive Motion on an expedited basis.  Once the Pretrial Scheduling Order was entered, it became clear that an immediate stay is necessary to protect the relief requested in the Dispositive Motion, and BB&B worked diligently to serve and file this motion within 48 hours.

Dated: February 24, 2017                    Respectfully submitted,

<div style="margin-left: 3em;">

**HOMER BONNER JACOBS**

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida  33131
Phone:  (305) 350-5136
Fax:  (305) 982-0070

By:   /s/ Peter W. Homer_____
       Peter W. Homer
       Email:  phomer@homerbonner.com
       Florida Bar No: 291250
       Yaniv Adar
       E-mail: yadar@homerbonner.com
       Florida Bar No: 63804

*Attorneys for Defendant Bed Bath & Beyond, Inc.*

</div>

8

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served by operation of this Court's electronic case filing system on February 24, 2017 on all counsel or parties of record on the Service List below.

                                          /s/ Peter W. Homer
                                          Peter W. Homer

## SERVICE LIST

| | |
|---|---|
| Edward H. Zebersky | Robert B. Carey |
| ezebersky@zpllp.com | Leonard W. Aragon |
| Todd S. Payne | HAGENS BERMAN SOBOL SHAPIRO LLP |
| tpayne@zpllp.com | 11 West Jefferson Street, Suite 1000 |
| ZEBERSKY PAYNE, LLP | Phoenix, Arizona 85003 |
| 110 S.E. 6th Street, Suite 2150 | Telephone: (602) 840-5900 |
| Fort Lauderdale, FL 33301 | Facsimile: (602) 840-3012 |
| Telephone: (954) 989-6333 | rob@hbsslaw.com |
| Facsimile: (954) 989-7781 | leonard@hbsslaw.com |

Stuart M. Paynter
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

*Attorneys for Plaintiffs*
*Donald Blair and Debbie Holland*