**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:17-cv-60178-MIDDLEBROOKS/BRANNON**

DONALD BLAIR and DEBBIE HOLLAND, on behalf of themselves, and all others similarly situated,

    Plaintiffs,

v.

BED BATH & BEYOND, INC.,

    Defendant.

**PLAINTIFFS' RESPONSE TO THE DEFENDANT'S MOTION TO STAY**

    Plaintiffs Donald Blair and Debbie Holland do not oppose the Motion to Stay [D.E. 16], but do oppose the Motion to Dismiss [D.E. 13] and request for an expedited briefing schedule. Plaintiffs will file their response to the Motion Dismiss on Tuesday March 7, 2017, as required by the Federal Rules.

    Bed Bath & Beyond is litigating two putative class actions based on the same substantive allegations in the Southern District of Florida—that Bed Bath & Beyond sold sheets labeled and advertised as 100% Egyptian Cotton that were not 100% Egyptian Cotton. Bed Bath & Beyond seeks to dismiss or transfer this case on jurisdictional grounds while simultaneously litigating a substantively analogous case filed three months earlier. This is untenable. Plaintiffs filed this case in the Southern District of Florida because Bed Bath & Beyond conducts substantial business in this District and submitted to this venue by litigating a putative class action here. Notably, the class action Bed Bath & Beyond seeks to litigate was filed by an attorney with three-years of experience

and led by an attorney who is prohibited from practicing in the District. In contrast, Plaintiffs here are represented by one of the largest and most successful class action firms in the country.

Plaintiffs' counsel repeatedly asked counsel for Bed Bath & Beyond whether it is willing to coordinate or consolidate the two cases and either litigate them both here or agree to transfer them both elsewhere, but only received an answer today that Bed Bath & Beyond wants to litigate one case here and transfer the other. Bed Bath & Beyond should not be permitted to game the system by challenging jurisdiction and venue in one case while simultaneously taking advantage of that same jurisdiction and venue.

Plaintiffs, however, agree that these issues should be sorted out before engaging in discovery and other pre-trial matters, and therefore do not oppose the stay.

I.   BACKGROUND

**A. There are two cases pending in the Southern District of Florida—one Defendant wants to litigate, the other it does not.**

There are two cases alleging Bed Bath & Beyond sold sheets labeled and advertised as 100% Egyptian cotton that were not 100% Egyptian cotton. The first case, *Elibrahimi v. Bed Bath & Beyond, Inc.* 0:16-cv-62573-FAM (S.D. Fla), was filed on October 30, 2016, and is pending before the Honorable Federico Moreno. The second case, filed by Plaintiffs Blair and Holland was filed three months later on January 24, 2017. The primary difference between the two cases is Plaintiffs here seek to represent a nationwide class and *Elibrahimi* seeks to represent a class of Florida residents, and *Elibrahimi* seeks relief under Florida's Deceptive and Unfair Trade Practice Act while Plaintiffs seek relief under federal law and multiple state law claims. Both cases however allege that Bed Bath & Beyond advertised and sold sheets labeled 100% Egyptian cotton that were not as advertised.

When filing their complaint, Plaintiffs noted that *Elibrahimi* was a related case. *See* D.E. 5, Notice of Pending, Refiled, Related or Similar Case. Shortly after filing, Plaintiffs sought Defendant's position on consolidation or coordination. *See* Decl. of Leonard W. Aragon at ¶ 2. During a short phone call, Bed Bath & Beyond's counsel explained that it could not give a position because another firm was defending *Elibrahimi*. *Id*. at ¶ 3. Counsel sent follow-up e-mails asking for Bed Bath & Beyond's position on coordination and consolidation to no avail. *Id*. at ¶ 4. Defendant finally gave its position on consolidation on March 1, 2017, the day this response was due. Bed Bath & Beyond rejected Plaintiffs' offer to seek consolidation because the sheets at issue in *Elibrahimi* were allegedly manufactured by a different company and Bed Bath & Beyond has different counsel in that case. *Id*. ¶ 5. Defendant's choice of counsel has nothing to do with jurisdiction and venue, and little to do with coordination and consolidation. Bed Bath & Beyond has not given its position on coordination. *Id*. ¶ 6.

Plaintiffs' counsel also sought to discuss consolidation, coordination, and transfer with counsel for *Elibrahimi* to no avail. After leaving a message with an answering service, Counsel received a call from a representative of the firm who said "one of the guys in charge" would call back to discuss the case, but counsel never received a return call.

### B. Counsel for *Elibrahimi* appears to have considerably less experience and resources litigating class actions.

Counsel for the putative class in *Elibrahimi*, Alexander J. Korolinsky, has been practicing law for only three years at the Law Offices of Howard Rubinstein. Mr. Rubinstein, the only named-partner as Mr. Korolinsky's firm, is prohibited from practicing in this District. *See* Administrative Order 2015-69, (S.D. Fla., October 23, 2015) (Order by Chief District Judge Kevin Michael Moore barring attorney Howard W. Rubinstein, the only named partner for the firm, from practicing in

the Southern District of Florida.). The firm does not have a website and calls by Plaintiffs' counsel were returned by a person who was unable to discuss substantive issues.

Counsel for Plaintiffs Blair and Holland, in contrast, have significant class action experience. Lead counsel, Hagens Berman Sobol Shapiro, has successfully litigated many of the largest class actions in history. *See generally*, www.hbsslaw.com. Hagens Berman attorneys Rob Carey and Leonard Aragon have primary responsibility for this case and both have significant class action and consumer law experience. *See* Decl. of Leonard W. Aragon at *¶ 7*. Both, as lead or co-lead counsel, routinely manage, litigate, and resolve nationwide class actions. *Id*. at ¶ 8. Both also teach class action law at Arizona State University's Sandra Day O'Connor College of Law, and Mr. Carey is the editor of the ABA's survey of state class action law to be released later this year and Mr. Aragon authored several of its chapters. *Id*. ¶ 9. Local Counsel, Zebersky Payne LLP, are likewise leaders of the plaintiffs' bar, and is led by attorney Ed Zebersky, an AV rated Super Lawyer, recognized as not only a "Top Florida Attorney," but one of the Top 100 Trial Lawyers in America.

### C. Plaintiffs filed in this District because Bed Bath & Beyond chose to litigate here.

Plaintiffs filed in this District because there was already a putative class action with similar allegations pending against Bed Bath & Beyond in the Southern District of Florida. Bed Bath & Beyond is actively litigating the *Elibrahimi* case and filed a dispositive motion on the merits—not based on jurisdiction or venue—on February 20, 2017, before filing its Motion to Dismiss and Motion to Stay this case. Case No. 16-cv-62573, D.E. 8. Indeed, Plaintiffs filed in this District to protect the putative class by avoiding adverse decisions in another district that could create issue or claim preclusion problems for the nationwide class—the exact situation Bed Bath & Beyond is

attempting to create. By filing in the same district where a substantively similar case that could affect the nationwide class was pending and coordinating or consolidating the two cases, Plaintiffs would be able to best represent the putative nationwide class.

Bed Bath & Beyond is incorrect that Plaintiff was trying to hedge its bet in case it lost its lead counsel application in the Southern District of New York. Defendant conflates two cases. The lead counsel petition was to lead a consolidated group of cases against Welspun, the manufacturer of falsely labeled products sold by various manufacturers based in India. The case is captioned *In re: Welspun Litigation.* A second, separate case was pending in the Southern District of New York against Walmart, but that case is only coordinated with the Welspun matter, not consolidated, and Counsel for Plaintiffs here is already counsel in the Walmart case. Counsel for Plaintiffs here was not appointed counsel in *In re: Welspun Litigation* because they proposed a leadership structure that consisted of multiple attorneys whose clients voluntarily transferred their cases against Welspun to the Southern District of New York and the competing application sought appointment of a single firm. The Court believed a single firm was more efficient and denied the multi-counsel application. *See* Mot. to Dismiss, Ex. 6, January 26, 2017 Order Appointing Lead Counsel. This has nothing to do with the present cases.

## II. ARGUMENT

### A. A stay is appropriate.

The cases pending in the Southern District of Florida should be consolidated or at least coordinated. Once related, the parties can discuss whether to litigate the cases here or in the Southern District of New York. A stay will help resolve this issue.

As will be set forth more fully in Plaintiffs' response to Bed Bath & Beyond's motion to dismiss, Bed Bath & Beyond should not be permitted to argue this court has no jurisdiction over

Plaintiffs' claims and venue is improper while it simultaneously litigates a substantively analogous claim in the same district. Clearly Bed Bath & Beyond is trying to game the system by litigating substantive issues against attorneys with limited resources and experience. This is improper.

Courts have permitted a limited stay pending a ruling on a motion to dismiss. *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997). But generally, a stay is appropriate only if the motion is "clearly meritorious" and "truly case dispositive." *See Feldman v. Flood*, 176 F.R.D 651, 652-53 (M.D. Fla. 1997). Here, the motion to dismiss based on venue and jurisdiction is frivolous and certainly not dispositive for the reasons already stated herein. A stay is still appropriate, however, because it will allow the court to resolve the motion to dismiss <u>and</u> allow the parties to resolve the question of venue (either litigate both cases here as consolidated or coordinated cases, or seek transfer of both cases, or present the issue of transfer, consolidation, and/or coordination to the court) which might render the motion moot. Allowing the parties to resolve these issues is "good cause" to support the stay. *Bocciohne v. Solowsky* No. 08-20200-CIV, 2008 WL 2906719, *2 (S.D. Fla. July 24, 2008).

### B.  Defendant failed to adequately meet and confer per the local rules.

Defendant attempted to comply with its meet and confer requirement under Local Rule 7.1, by emailing and leaving two messages over a two-hour period on a Friday late afternoon and evening—Plaintiffs' counsel was on the East Coast at the time even though he is based in Arizona. *See* Decl. of Leonard W. Aragon at ¶ 10.  This is an improper attempt to meet and confer and basis to deny future motions if the behavior continues.  *Echo Star Communications Corp. v. The News Corp.*, 180 F.R.D. 391, 392 (D. Colo. 1998) (plaintiff's counsel failed to comply with local rule requiring consultation with opposing counsel before filing motion, where he submitted motion to opposing counsel with a 4 hour deadline).  Defendant filed its seven-page motion later that

evening.  Clearly Defendant knew it was filing the motion well before Friday late afternoon. Plaintiffs, moreover, wanted to meet and confer regarding venue, jurisdiction, coordination, and consolidation, and have sought Defendant's positions on these issues, but Defendant has generally not cooperated.  A true meet and confer may have resolved these issues, but Defendant's attempt was nothing more than an effort to satisfy the rule by form, not substance.

### III.  CONCLUSION

A stay is appropriate. But under no circumstances should Defendant Bed Bath & Beyond be permitted to litigate against a substantively analogous case in the same District while arguing this court has no jurisdiction and venue is improper.

Dated: March 1, 2017

Respectfully submitted,

*/s/ Edward H. Zebersky*
Edward H. Zebersky, Esq. (FBN: 0908370)
Todd S. Payne, Esq. (FBN: 834520)
ezebersky@zpllp.com
tpayne@zpllp.com
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Ste. 2150
Fort Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Robert B. Carey *(pro hac vice)*
Leonard W. Aragon *(pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com

and

Stuart M. Paynter *(pro hac vice)*
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800

Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on March 1, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

 */s/Edward H. Zebersky*
Attorney

**Service List**
*Blair, et al. v. Bed Bath & Beyond, Inc.*
Case No. 0:17-cv-60178-MIDDLEBROOKS/BRANNON

**Counsel for Plaintiffs**

Edward H. Zebersky, Esq. (FBN: 0908370)
ezebersky@zpllp.com
Todd S. Payne, Esq. (FBN: 834520)
tpayne@zpllp.com
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Robert B. Carey *(pro hac vice* pending)
Leonard W. Aragon *(pro hac vice* pending)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com

Stuart M. Paynter *(pro hac vice* pending)
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

**Counsel for Defendant**

Peter W. Homer (FBN: 291250)
phomer@homerbonner.com
Yaniv Adar (FBN: 63804)
yadar@homerbonner.com
HOMER BONNER JACOBS
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5136
Facsimile: (305) 982-0070