UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60178-CV-MIDDLEBROOKS/BRANNON

DONALD BLAIR, *et al.*,

               *Plaintiffs,*

vs.

BED BATH & BEYOND, INC.,

               *Defendant.*

**DEFENDANT BED BATH & BEYOND, INC.'S REPLY IN FURTHER
SUPPORT OF ITS MOTION TO STAY PENDING DECISION ON ITS
MOTION TO DISMISS OR TRANSFER THE COMPLAINT**

    In their "response" brief, Plaintiffs concede that "[a] stay is appropriate" and do not oppose BB&B's request for a stay pending resolution of its Dispositive Motion.[1] (Pls.' Resp., Dkt. No. 18, at 1, 7.) This Court should thus grant BB&B's Stay Application.[2]

    Instead of opposing the stay, Plaintiffs use their brief to raise matters unrelated to the Stay Application, namely the Dispositive Motion to which they have not yet responded. (*See, e.g.*, *id.* at 5-6 (raising arguments Plaintiffs indicate will be part of their response to BB&B's Dispositive Motion).) While BB&B will fully address Plaintiffs' arguments at the proper time and with the proper pleading, at least one argument deserves immediate response: Plaintiffs' novel assertion that this suit should be treated identically as a different suit involving different plaintiffs, different counsel, different claims, and most importantly, different products. (*See id.* at 2-3.) Specifically, Plaintiffs seek coordination or consolidation of this matter with another suit

---

[1] Unless otherwise defined in this reply, all abbreviations have the meaning given to them in BB&B's Stay Application. (*See* Dkt. No. 16.)

[2] BB&B also sought an expedited briefing schedule on the Dispositive Motion because Plaintiffs' counsel would not consent to a stay before BB&B filed its Stay Application. However, as BB&B explained to Plaintiffs' counsel, should the Court grant BB&B's request for a stay, expedited briefing on the Dispositive Motion would not be necessary.

filed in this District, *Elibrahimi v. Bed Bath & Beyond, Inc.* 0:16-cv-62573-FAM (S.D. Fla.), because both are putative class actions involving household products sold at Defendant BB&B. (*Id.* at 2, 5.)  That is hardly sufficient to justify common treatment, much less to avoid BB&B's threshold and potentially dispositive jurisdiction and venue arguments.

As Plaintiffs readily concede, the two cases involve different putative classes and different law.  (*Id.* at 2 (admitting that Plaintiffs "seek to represent a nationwide class" here in contrast to a "class of Florida residents" in *Elibrahimi*, and acknowledging that relief is sought under "federal law and multiple state law claims" here instead of "Florida's Deceptive and Unfair Trade Practice Act" in *Elibrahimi*).)  To be sure, *Elibrahimi* concerns a putative class involving a single product line not covered by this case or the SDNY Action, supplied by a **different manufacturer**, and unlike here, the named plaintiff in *Elibrahimi* is a **Florida** resident who allegedly purchased the product in a **Florida** store.  (*Elibrahimi* Compl., Dkt. No. 1, ¶¶ 8, 25.)  There would be no efficiencies or judicial economy gained by coordinating or consolidating that very different case with this one, which involves allegations and a putative class that are already covered by the consolidated SDNY Action that now names BB&B as a defendant.  (*See* Consol. Am. Compl. ¶¶ 1, 11, 27, 40-45, *In re Welspun Litig.*, No. 16 Civ. 6792 (RJS), Dkt. No. 60 (S.D.N.Y. Feb. 27, 2017).)  Nor does the pendency of the *Elibrahimi* action, which alleges a clear and specific nexus to this District, somehow subject BB&B to the Court's personal jurisdiction or make venue proper in this case, where no such nexus is alleged.

*       *       *

For the reasons stated in its unopposed motion, BB&B respectfully requests the Court stay this matter until resolution of the pending Dispositive Motion.

2

Dated: March 2, 2017                           Respectfully submitted,

**HOMER BONNER JACOBS**

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida  33131
Phone:  (305) 350-5136
Fax:  (305) 982-0070

By:  /s/  Peter W. Homer
     Peter W. Homer
     Email:  phomer@homerbonner.com
     Florida Bar No: 291250
     Yaniv Adar
     E-mail: yadar@homerbonner.com
     Florida Bar No: 63804

*Attorneys for Defendant Bed Bath & Beyond, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by operation of this Court's electronic case filing system on March 2, 2017 on all counsel or parties of record on the Service List below.

/s/ Peter W. Homer
Peter W. Homer

## **SERVICE LIST**

Edward H. Zebersky
ezebersky@zpllp.com
Todd S. Payne
tpayne@zpllp.com
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Stuart M. Paynter
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

Robert B. Carey
Leonard W. Aragon
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com

*Attorneys for Plaintiffs*
*Donald Blair and Debbie Holland*