UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-60178-CV-Middlebrooks/Brannon

DONALD BLAIR and DEBBIE
HOLLAND, on behalf of themselves,
and all others similarly situated,

    Plaintiffs,

v.

BED BATH & BEYOND, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO STAY

THIS CAUSE is before the Court on Defendant Bed Bath & Beyond, Inc.'s Unopposed Motion to Stay Pending Decision on its Motion to Dismiss or Transfer the Complaint ("Motion"), filed February 24, 2017. (DE 16). Plaintiffs filed their Response, indicating their non-opposition to Defendant's Motion, on March 1, 2017. (DE 18). For the reasons stated below, Defendant's Motion is granted.

Defendant seeks an order staying this matter until the Court has ruled on its Motion to Dismiss or Transfer. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for

relief, should, however, be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The interests of justice and judicial efficiency favor a stay. Plaintiffs' putative class action Complaint creates broad discovery obligations, which Defendant's Motion to Dismiss or Transfer has the potential to dispose of entirely. *See Chudasama*, 123 F.3d at 1368 ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible."). In addition, in the event that I grant Defendant's Motion to Transfer to the Southern District of New York, a stay will avoid duplicative discovery. Finally, while Defendant would be burdened by the expense of potentially duplicative discovery, a stay will not prejudice Plaintiffs, who have agreed to the stay. In light of my decision to stay, I do not find that an expedited briefing schedule for the Motion to Dismiss or Transfer is necessary. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) Defendant's Motion (DE 16) is **GRANTED.**

(2) With the exception of briefing Defendant's Motion to Dismiss or Transfer, this matter is **STAYED** pending resolution of Defendant's Motion to Dismiss or Transfer.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 6 day of March, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record