**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:17-cv-60178/MIDDLEBROOKS/BRANNON**

DONALD BLAIR and DEBBIE HOLLAND, on
behalf of themselves, and all others similarly
situated,

       Plaintiffs,

v.

BED BATH & BEYOND, INC.,

       Defendant.

**PLAINTIFFS' OPPOSITION TO DEFENDANT BED BATH & BEYOND, INC.'S
MOTION TO DISMISS OR TRANSFER THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND ............................................................................................................2

      A.      There are two cases pending in the Southern District of Florida—one Defendant wants to litigate to judgement, the other it does not. ................................................2

      B.      Counsel for *Elibrahimi* appears to have considerably less experience and resources litigating class actions. .............................................................................3

      C.      Plaintiffs filed in this District because Bed Bath & Beyond chose to litigate here. 4

      D.      Bed Bath & Beyond sold mislabeled sheets to Florida residents as alleged by Plaintiffs Elibrahimi, Blair, and Holland. ..............................................................5

III.    ARGUMENT ..................................................................................................................6

      A.      This Court has specific jurisdiction over the Defendant Bed Bath & Beyond. .......6

            1.      Bed Bath & Beyond is subject to Florida's Long Arm Statute. .................8

            2.      Bed Bath & Beyond has sufficient minimum contacts with the state to satisfy due process. ...................................................................................10

      B.      Venue is appropriate in the Southern District of Florida. .....................................13

      C.      Transfer to the Southern District of New York is inappropriate at this stage........14

      D.      The two Florida cases should be coordinated or consolidated; then the parties should determine whether transfer is appropriate. .................................................16

IV.     CONCLUSION..............................................................................................................16

# TABLE OF AUTHORITIES

**Case(s)**

*Acquadro v. Bergeron*,
    851 So. 2d 665 (Fla. 2003).................................................................................12

*American Overseas Marine Corp. v. Patterson*,
    632 So. 2d 1124, 1994 A.M.C. 1335 (Fla. 1st DCA 1994) ...................................10

*B.B.B. Plaza Assocs., Ltd. v. Bed Bath & Beyond, Inc.*,
    2009 WL 1110901 (S.D. Fla. Apr. 24, 2009) ....................................................6, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)......................................11

*Bravo v. Honigman Miller Schwartz & Cohn LLP*,
    2008 WL 384435 (M.D. Fla. Feb. 11, 2008) ..........................................................7

*Cobarruviaz v. Maplebear, Inc.*,
    2016 WL 5725076 (N.D. Cal. Sept. 30, 2016) ......................................................16

*Cortez v. Palace Resorts, Inc.*,
    123 So. 3d 1085 (Fla. 2013)....................................................................................7

*Duke Energy Indus. Sales, LLC v. Massey Coal Sales Co., Inc.*,
    2011 WL 4744907 (S.D.W.Va. Oct. 11, 2011) ....................................................13

*Elibrahimi v. Bed Bath & Beyond, Inc. ("Elibrahimi")*
    0:16-cv-62573-FAM (S.D. Fla) ...................................................................*passim*

*Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd.*,
    752 So.2d 582 (Fla. 2000)....................................................................................9, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (U.S. 2011)...............................7

*Int'l Harvester Co. v. Mann*,
    460 So. 2d 580 (Fla. Dist. Ct. App. 1984) .............................................................9

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)....................................................10

*Kandel v. Brother Int'l Corp.*,
    2009 WL 10429764 (C.D. Cal. May 12, 2009) .....................................................16

*Keim v. ADF MidAtlantic, LLC*,
    199 F. Supp. 3d 1362 (S.D. Fla. 2016) ...................................................................7

*Kozial v. Bombardier-Rotax GmbH,*
   129 F. App'x 543 (11th Cir. 2005)..................................................................7

*Louis Vuitton Malletier, S.A. v. Mosseri,*
   736 F.3d 1339 (11th Cir. 2013) .............................................................10, 11

*Madara v. Hall,*
   916 F.2d 1510 (11th Cir.1990) ......................................................................9

*Osgood v. Disc. Auto Parts, LLC,*
   981 F. Supp. 2d 1259 (S.D. Fla. 2013) .......................................................15

*Palmer v. Braun,*
   376 F.3d 1254 (11th Cir. 2004) ............................................................13, 14

*Polymers, Inc. v. Ultra Flo Filtration Sys., Inc.,*
   33 F. Supp. 2d 1008 (M.D. Fla. 1998)........................................................12

*Poncy v. Johnson & Johnson,*
   414 F. Supp. 551 (S.D. Fla. 1976) ..............................................................14

*Skurnick v. Ainsworth,*
   591 So. 2d 904 (Fla. 1991)...........................................................................8

*Venetian Salami Co. v. Parthenais,*
   554 So. 2d 499 (Fla. 1989)...........................................................................8

*In re Welspun Litgiation,*
   1:16-cv-06792-RJS (S.D.N.Y).......................................................................5

## Statutes

28 U.S.C. § 1406(a) ..........................................................................................14, 15

Fla. Stat. § 48.193 ................................................................................8, 9, 10, 11

Florida's Deceptive and Unfair Trade Practice Act.................................................2

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.....................................9

N.J. Stat. Ann. § 12A:2-313 & 2-314 ....................................................................9

## Other Authorities

FED. R. CIV. P. 15(a) ..........................................................................................12

FED. R. CIV. P. 42(a) ...........................................................................................2

MANUAL FOR COMPLEX LITIGATION, § 10.123 ....................................................2, 15

## I.      INTRODUCTION

Defendant's motion to dismiss challenging personal jurisdiction and venue should be dismissed for two reasons:

<u>First</u>, in the Southern District of Florida, courts have personal jurisdiction over a party who commits a tort in the state and has substantial and continuous contacts with the state. Bed Bath & Beyond has operated in Florida for over 25 years, and advertised and sold the allegedly mislabeled products to Florida residents. Under these circumstances, this Court has personal jurisdiction over Bed Bath & Beyond.

<u>Second</u>, the right to challenge venue can be waived when a party purposely seeks substantive relief in the forum. Here, there are two putative class actions in the state alleging Bed Bath & Beyond sold sheets mislabeled as 100% Egyptian Cotton to Florida residents. Bed Bath & Beyond is substantively litigating one case by seeking a judgment on the merits, while simultaneously seeking to dismiss or transfer this case because it claims venue is improper. Bed Bath & Beyond waived its right to challenge venue here by substantively litigating an analogous class action in the state.

Bed Bath & Beyond's alternative request to transfer or stay the case should also be denied.[1] Plaintiffs concede the cases pending in the Southern District of New York against linen manufacturer Welspun and other retailers should be coordinated or consolidated with the cases against Bed Bath & Beyond pending in the Southern District of Florida, as is common when overlapping class actions are pending in different districts. Bed Bath & Beyond, however, should

---

[1] The Court granted Bed Bath & Beyond's unopposed motion to stay on March 7, 2017.  The order stays the case pending resolution of the motion to dismiss.  Plaintiffs, however, oppose Defendant's motion to stay the case entirely.  If the court is inclined to stay the case, Plaintiffs respectfully request the Court transfer the case to the Southern District of New York instead.

not be permitted to substantively litigate one case alleging Bed Bath & Beyond sold mislabeled 100% Egyptian Cotton sheets in Florida while arguing the other should be transferred. Given the similarities between the cases, the two Florida actions against Bed Bath & Beyond should be coordinated or consolidated in one court in Florida, not stayed. *See, e.g.*, MANUAL FOR COMPLEX LITIGATION, § 10.123 ("Manual") (describing need to coordinate or consolidate related cases under Federal Rules of Civil Procedure 42(a)). In the alternative, both cases should be transferred to the Southern District of New York. Plaintiffs anticipate filing a motion to coordinate or consolidate the Florida actions shortly after filing this response. If the cases are coordinated or consolidated, Plaintiffs are willing to revisit transfer of both cases to the Southern District of New York.

## II.    BACKGROUND

**A.    There are two cases pending in the Southern District of Florida—one Defendant wants to litigate to judgement, the other it does not.**

There are two cases pending in Florida alleging Bed Bath & Beyond advertised and sold sheets labeled as 100% Egyptian cotton that were not 100% Egyptian cotton. The first case, *Elibrahimi v. Bed Bath & Beyond, Inc. ("Elibrahimi")* 0:16-cv-62573-FAM (S.D. Fla), D.E. 1, was filed on October 30, 2016, and is pending before the Honorable Federico Moreno. The second case, filed by Plaintiffs Blair and Holland, was filed three months later on January 24, 2017. The primary differences between the two cases are Plaintiffs here seek to represent a nationwide class and *Elibrahimi* seeks to represent a class of Florida residents, and *Elibrahimi* seeks relief under Florida's Deceptive and Unfair Trade Practice Act while Plaintiffs seek relief under federal law and multiple state law claims. Both cases however arise from the same transaction—Bed Bath & Beyond advertised and sold sheets labeled 100% Egyptian cotton that were not as advertised.

When filing their complaint, Plaintiffs noted that *Elibrahimi* was a related case. *See* D.E.

5. Shortly after filing, Plaintiffs sought Defendant's position on consolidation or coordination.

*See* Decl. of Leonard W. Aragon ("Aragon Decl.") at ¶ 2. During a short phone call, Bed Bath &

Beyond's counsel explained that it could not give a position because another firm was defending

*Elibrahimi*. *Id*. ¶ 3. Counsel sent follow-up e-mails asking for Bed Bath & Beyond's position on

coordination and consolidation to no avail. *Id*. ¶ 4. Defendant finally gave its position regarding

consolidation on March 1, 2017, the day the response to a previously filed Motion to Stay was

due. Bed Bath & Beyond rejected Plaintiffs' offer to seek consolidation because the sheets at

issue in *Elibrahimi* were allegedly manufactured by a different company and Bed Bath &

Beyond has different counsel in that case. *Id*. ¶ 5. Bed Bath & Beyond has not given its position

on coordination. *Id*. ¶ 6.

Plaintiffs' counsel also sought to discuss consolidation, coordination, and transfer with

counsel for *Elibrahimi* to no avail. *Id*. ¶ 17. After leaving a message with an answering service,

Counsel received a call from a representative of the firm who said "one of the guys in charge"

would call back to discuss the case, but counsel never received a return call. *Id*. ¶ 18.

**B.      Counsel for *Elibrahimi* appears to have considerably less experience and resources litigating class actions.**

Counsel for the putative class in *Elibrahimi*, Alexander J. Korolinsky, has been practicing

law for only three years at the Law Offices of Howard Rubinstein. Mr. Rubinstein, the only

named-partner as Mr. Korolinsky's firm, is prohibited from practicing in this District. *See*

Administrative Order 2015-69, (S.D. Fla., October 23, 2015) (Order by Chief District Judge

Kevin Michael Moore barring attorney Howard W. Rubinstein, the only named partner for the

firm, from practicing in the Southern District of Florida.). The firm does not have a website and

calls by Plaintiffs' counsel were returned by a person who was unable to discuss substantive issues. Aragon Decl. ¶ 19.

Counsel for Plaintiffs Blair and Holland, in contrast, have significant class action experience. Lead counsel, Hagens Berman Sobol Shapiro, has successfully litigated many of the largest class actions in history. *See generally*, www.hbsslaw.com. Hagens Berman attorneys Rob Carey and Leonard Aragon have primary responsibility for this case and both have significant class action and consumer law experience. *See* Aragon Decl. at ¶ 7. Both, as lead or co-lead counsel, routinely manage, litigate, and resolve nationwide class actions. *Id*. ¶ 8. Both also teach class action law at Arizona State University's Sandra Day O'Connor College of Law, and Mr. Carey is the editor of the ABA's survey of state class action law to be released later this year and Mr. Aragon authored several of its chapters. *Id*. ¶ 9. Local Counsel, Zebersky Payne LLP, are likewise leaders of the plaintiffs' bar, and is led by attorney Ed Zebersky, an AV rated Super Lawyer, recognized as not only a "Top Florida Attorney," but one of the Top 100 Trial Lawyers in America.

**C.     Plaintiffs filed in this District because Bed Bath & Beyond chose to litigate here.**

Plaintiffs filed in this District because there was already a putative class action with similar allegations pending against Bed Bath & Beyond in the Southern District of Florida. Bed Bath & Beyond is actively litigating the *Elibrahimi* case and filed a dispositive motion on the merits—not based on jurisdiction or venue—on February 20, 2017, before filing its Motion to Dismiss and Motion to Stay this case. Case No. 16-cv-62573, D.E. 8. Plaintiffs filed in this District to, *inter alia*, avoid a related class action from adversely impacting the putative class without  input from the parties representing the nationwide class—the exact situation Bed Bath & Beyond is attempting to create. By filing in the same district where a substantively similar

case that could affect the nationwide class was pending, Plaintiffs ensured the interests of the nationwide class were protected.

Bed Bath & Beyond is incorrect that Plaintiff was trying to hedge its bet in case it lost its lead counsel application in the Southern District of New York. Defendant conflates two cases. The lead counsel petition was to lead a consolidated group of cases against Welspun, the India-based manufacturer of falsely labeled products sold by various manufacturers. The case is captioned *In re Welspun Litigation.* A second, separate case is pending in the Southern District of New York against Walmart, but that case is only coordinated with the Welspun matter, not consolidated, and Counsel for Plaintiffs here are already counsel in the Walmart case. Counsel for Plaintiffs here was not appointed counsel in *In re Welspun Litigation* because they proposed a leadership structure that consisted of multiple attorneys whose clients voluntarily transferred their cases against Welspun to the Southern District of New York and the competing application sought appointment of a single firm. The Court believed a single firm was more efficient and denied the multi-counsel application. *See* Mot. to Dismiss, Ex. 6, January 26, 2017 Order Appointing Lead Counsel.

Notably, on February 27, 2017, Lead Counsel for *In re Welspun* amended their complaint to add Walmart, Target, and Bed Bath & Beyond as a defendant. This means all parties, including Bed Bath & Beyond and plaintiffs in *Elibrahimi* should meet and confer to discuss coordination or consolidation. There are now three cases pending against Bed Bath & Beyond, and likely several more to be filed.

**D.     Bed Bath & Beyond sold mislabeled sheets to Florida residents as alleged by Plaintiffs Elibrahimi, Blair, and Holland.**

Bed Bath & Beyond claims *Elibrahimi* is not related to the present case by ignoring the fact it sold the mislabeled sheets described in both complaints to Florida residents. D.E. 20, p. 2;

Compl. ¶ 10; *Elibrahimi* Compl. ¶¶ 1, 4. Bed Bath & Beyond claims the sheets described in *Elibrahimi* were manufactured by a different company, but there is no evidence supporting this allegation. Even if true, the two cases are still related. Indeed, the fact that Bed Bath & Beyond purchased mislabeled sheets from two manufacturers lends support to the argument it knowingly misled consumers. Nor does it matter if each case was filed by a different putative class representative (always true when two class actions against the same defendant are related) or that Bed Bath & Beyond is represented by different counsel in each case (defendant choice of counsel is irrelevant to whether the two cases are related). The two putative classes also overlap substantially—the putative class in *Blair* includes the entire class described in *Elibrahimi*. Compl. ¶ 47; *Elibrahimi* Compl. ¶ 25.  Two cases alleging the same company sold mislabeled 100% Cotton sheets are related, and should be coordinated or consolidated.

Bed Bath & Beyond also erroneously claims there is no nexus between Plaintiffs' allegations and Florida by ignoring, once again, the fact Defendant sold the sheets described by Plaintiffs in the complaint to Florida residents. Compl. ¶ 10. Defendant also forgets it has advertised and sold merchandise in Florida for 25 years, paid taxes and reaped the benefits of taxes in the state for 25 years (police, fire, schools, roads, etc), defended suits in Florida courts, and designated a statutory agent in the state. Aragon Decl., ¶¶ 11, 12, 14; *B.B.B. Plaza Assocs., Ltd. v. Bed Bath & Beyond, Inc.*, 2009 WL 1110901 (S.D. Fla. Apr. 24, 2009). Plaintiffs' claims, at least in substantial part, arise from Defendant's conduct in Florida, and Florida has sufficient minimum contacts with the state to be subject to personal jurisdiction in Florida.

## III.    ARGUMENT

### A.    This Court has specific jurisdiction over the Defendant Bed Bath & Beyond.

There are two types of personal jurisdiction: general and specific. Plaintiffs need only show this court has general <u>or</u> specific jurisdiction, not both. *Kozial v. Bombardier-Rotax GmbH*,

129 F. App'x 543, 546 (11th Cir. 2005) ("Jurisdiction can be either general jurisdiction or specific jurisdiction); *see also Bravo v. Honigman Miller Schwartz & Cohn LLP*, 2008 WL 384435, at 3 (M.D. Fla. Feb. 11, 2008) ("A court's establishment of personal jurisdiction may be based on a showing of either specific or general jurisdiction"). Here, Plaintiffs are not asserting general jurisdiction and concedes that general jurisdiction may be present in New York and New Jersey. [2] Plaintiffs allege this Court has <u>specific</u> jurisdiction over Bed Bath & Beyond based on its conduct in Florida—advertising and selling falsely labeled products to Florida residents and litigating a substantively analogous class action in Florida—and long and substantial contacts with the state. Based on these facts—which Bed Bath & Beyond ignores in its motion—this Court has personal jurisdiction over Bed Bath & Beyond.

To establish specific personal jurisdiction over a nonresident defendant in Florida two criteria must be met: (1) the defendant must fall within the state's long arm statute, and (2) the assertion of jurisdiction must not violate defendant's due process rights. *See, e.g., Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362 (S.D. Fla. 2016); *Cortez v. Palace Resorts, Inc.,* 123 So. 3d 1085, 1091 (Fla. 2013) (holding Florida courts have personal jurisdiction over a nonresident defendant only if the complaint alleges sufficient jurisdictional facts to bring the action within the long-arm statute, and if the Florida courts can constitutionally exercise jurisdiction over defendant). Each criterion is easily met here.

---

[2] General jurisdiction occurs where a defendant corporation has its principal place of business, place of incorporation, or where it is considered "at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (U.S. 2011). Specific jurisdiction, however, is equally available to establish jurisdiction over a defendant, and this court has specific jurisdiction over Defendant.

1.      **Bed Bath & Beyond is subject to Florida's Long Arm Statute.**

Florida's Long Arm Statute lists eight specific jurisdictional grounds, two are relevant here: (1) whether defendant operates, conducts, engages in or carries on a business or business venture in this state or has an office or agency in this state; or (2) commits a tortious act within the state. Fla. Stat. § 48.193(1)(a)(1–2); *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989). In addition to the eight jurisdictional grounds, Florida's Long-Arm statute provides a general basis for asserting personal jurisdiction over nonresidents. Under Section 48.193(2), a "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Here, Bed Bath & Beyond clearly falls under both criterion of Section 48-193(1)(a), even though Plaintiffs need only satisfy one, <u>and</u> the catch-all provision of Section 48-193(2).

First, Bed Bath & Beyond operates, conducts, and engages in the business of retail sales, including the sale of linens labeled as 100% Egyptian cotton, in the state for pecuniary gain. *Skurnick v. Ainsworth*, 591 So. 2d 904 (Fla. 1991) (holding test to determine whether defendant is doing business in Florida is whether defendant's acts in Florida show a general course of activity in Florida for pecuniary benefit.). This is undisputed. *See* Compl. ¶ 9-10;[3] Aragon Decl., ¶ 13; Ex. C, 10k, Annual Report Bed Bath & Beyond (describing locations in this state). Bed Bath & Beyond also operates its stores directly, not through a subsidiary or agent. *See* Aragon Decl., ¶ 14, Ex. A, Florida Division of Records Filings for Bed Bath & Beyond, Inc.

---

[3] "BB&B has conducted and continues to conduct business, including operating numerous retail stores in the State of Florida and within this District that have sold Welspun's products that were falsely labeled and marketed as 100% Egyptian Cotton. BB&B has also submitted to this Court's jurisdiction by litigating other substantively similar cases in this District."

(showing defendant closed all subsidiary corporations and operates all stores directly as a single entity in Florida.). Bed Bath & Beyond also maintains a statutory agent in Tallahassee. *Id* at ¶ 11; Fla. Stat. § 48.193(1)(a)(1) (meeting long arm statute if company has agency in the state). Simply put, Fla. Stat. § 48.193(1)(a) has been met.

Second, a defendant is subject to personal jurisdiction in Florida if it commits a tortious act in the state. *See Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd*., 752 So.2d 582 (Fla. 2000) (holding: "A court can exercise personal jurisdiction, *inter alia*, whenever a foreign corporation commits a 'tortious act' on Florida soil.") (citing Fla. Stat. § 48.193(1)(b).). Plaintiffs allege Bed Bath & Beyond advertised and sold 100% Egyptian Cotton sheets that were not 100% Egyptian Cotton. *See* Compl. ¶¶ 36-45 (alleging sale of mislabeled sheets in Florida); *see also Elibrahimi* Compl. ¶ 3 (alleging "Defendants engaged in… the use of deceptive and misleading labeling and advertising claims on the Product to induce consumers to purchase their product based on the claim of "100% Egyptian Cotton.").  Defendant has not disputed it sells sheets labeled as 100% Egyptian Cotton to Florida resident as alleged in the complaint. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990) (holding court must accept facts alleged in the complaint as true to the extent they are uncontroverted by defendant). It is equally impossible to dispute the sale of a mislabeled consumer goods, as alleged by Plaintiffs, is a tortious act in Florida. *See* Compl. ¶¶ 55-69, ¶¶ 70-87, (alleging violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., Breach of Express Warranty, N.J. Stat. Ann. § 12A:2-313, and Breach of Implied Warranty of Merchantability, N.J. Stat. Ann. § 12A:2-314). Because the complaint sufficiently alleges Bed Bath & Beyond committed a tortious act in Florida, personal jurisdiction is appropriate. *See* Fla. Stat. § 48.193(1)(b); *Int'l Harvester Co. v. Mann*, 460 So. 2d 580, 581 (Fla. Dist. Ct. App. 1984) ("It is well-established that the commission of a tort for purposes of

establishing long-arm jurisdiction does not require physical entry into the state, but merely requires that the place of *injury* be within Florida).

Last, Bed Bath & Beyond is engaged in substantial, not isolated activity in Florida. Fla. Stat. § 48.193(2) (satisfying long arm statute when defendant conducts substantial activity within the state.). Bed, Bath & Beyond owns and operates 96 stores in the state of Florida. Aragon Decl. ¶ 12, Ex. C. The company has operated in the state since at least 1992, and has incorporated and operated at least 17 separate corporations in the state. *Id.* at ¶ 10. When determining whether the statute is met, it does not matter if Bed Bath & Beyond engaged in similar activities outside the state or the scope of such activities. Fla. Stat. § 48.193(2). Nor does it matter if claims arise from activity outside the state, so long as defendant had substantial activity in the state. *Id.*; *American Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1994 A.M.C. 1335 (Fla. 1st DCA 1994). Here, the statute is easily met given Bed Bath & Beyond's long history of retail sales in Florida and expected sales in 2017. Further, the allege acts giving rise to the complaint, at least in part, took place in the State. Section 48.193(2) has been met.

Bed Bath & Beyond cannot reasonably argue that it is subject to Florida's Long Arm Statute.

### 2. Bed Bath & Beyond has sufficient minimum contacts with the state to satisfy due process.

The next inquiry is whether the foreign corporation maintains "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355

(11th Cir. 2013); *Execu-Tech*, 752 So.2d at 584.[4] The Eleventh Circuit has a three-part test to determine whether an exercise of specific personal jurisdiction comports with due process:

> (1)     whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum;
>
> (2)     whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and
>
> (3)     whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Id.* Here, each prong is easily met.

Bed Bath & Beyond has had substantial contacts with Florida for over 25 years by regularly selling merchandise for profit to Florida residents, including the sheets at issue here. Aragon Decl. ¶¶ 10, 15. Bed Bath & Beyond does not deny it sold 100% Egyptian Cotton sheets in Florida to putative class members. If Plaintiffs' allegations are correct, which they are at this stage,[5] Bed Bath & Beyond harmed Florida residents creating a direct causal relationship between defendant, the forum, and the litigation. *Id.* at 1355-56. Plaintiffs' claims therefore "arise out of or relate to" defendant's contacts with the state, and satisfies the first prong. *See* Compl. ¶ 10 (alleging "Bed Bath & Beyond has conducted and continues to conduct business, including operating numerous retail stores in the State of Florida and within this District that have sold Welspun's products that were falsely labeled and marketed as 100% Egyptian

---

[4] As a threshold matter, if the Court finds Bed Bath & Beyond engaged in "substantial and not isolated activity" under Section 48.193(2), the minimum contacts requirement is met. *See, e.g., Airamid Health Services*, LLC v. *Anita Sechler Personal*, 134 So. 3d 550 (Fla. 5th DCA 2014)(holding plaintiffs need to present additional evidence of sufficient minimum contacts if Plaintiffs meets the test of Section 48.193(2).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) (holding judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint.).

Cotton".). It does not matter for purposes of personal jurisdiction that Plaintiffs did not purchase her sheets in the state because her claims "arise out of or relate to" defendant's bad acts in the state, *i.e.* the sale of fake 100% Egyptian Cotton sheets to Florida residents and others. *Id.*; *Acquadro v. Bergeron*, 851 So. 2d 665, 676 (Fla. 2003) ("The single most important factor to consider is whether 'the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there...' This factor must be viewed from the perspective of the defendant, not that of the plaintiff."). [6]

The second inquiry is whether Bed Bath & Beyond "purposefully availed" itself of the privilege of conducting activities within Florida, thus invoking the benefit of Florida's courts and laws. Here, the evidence overwhelmingly shows Bed Bath & Beyond "availed itself" of the privilege of conducting activities in the State by doing the following (1) operating in Florida for over 25 years, (2) profiting from selling merchandise, including the sheets at issue, to Florida residents, (3) collecting and paying taxes in the State and receiving the attendant benefits, (4) creating and operating at least 17 corporations and 98 retail stores in Florida, (5) designating a statutory agent in Florida, and (5) defending lawsuits in the state. *See* analysis *supra; see also* Aragon Decl. ¶¶ 10-15, Ex. A-C; *B.B.B. Plaza Assocs., Ltd. v. Bed Bath & Beyond, Inc.*, 2009 WL 1110901 (S.D. Fla. Apr. 24, 2009). Under these circumstances, Bed Bath & Beyond has sufficiently availed itself of the privilege of conducting business within Florida and is therefore subject to its laws.[7]

---

[6] If a Florida plaintiff is necessary to create a causal relationship, Plaintiffs respectfully request leave to add a Florida resident as a putative class representative and allege a Florida subclass. FED. R. CIV. P. 15(a).

[7] *Polymers, Inc. v. Ultra Flo Filtration Sys., Inc.*, 33 F. Supp. 2d 1008, 1014 (M.D. Fla. 1998) (The Court assesses whether the defendant has purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protection of its laws [to establish purposeful availment].).

The third prong asks whether asserting jurisdiction over Bed Bath & Beyond comports with "traditional notions of fair play and substantial justice." Bed Bath & Beyond cannot be prejudiced by litigating in Florida as the company is already litigating a putative class action in the State alleging it sold falsely labeled 100% Egyptian Cotton sheets to Florida residents. Bed Bath & Beyond cannot now complain it would be unfair or unjust to require it to litigate a substantively similar case in the State. Nor has Defendant presented any evidence, as it must, that litigating in this forum would be unduly burdensome or unjust, and any assertion would be contradicted by the company's affirmative decision to litigate a related case in the forum. Florida, moreover, has a substantial interest in adjudicating alleged harm to its residents, and it would be inefficient to litigate two overlapping putative class actions in different forums.

For these reasons, the due process clause is satisfied. This court has specific personal jurisdiction over Defendant Bed Bath & Beyond.

**B.      Venue is appropriate in the Southern District of Florida.**

Next, Bed Bath & Beyond claims venue is inappropriate in Florida. But Bed Bath & Beyond waived its right to challenge jurisdiction and venue by conceding jurisdiction and venue in *Elibrahimi*. Because Bed Bath & Beyond is purposefully litigating a case in the District that substantially and substantively overlaps with this case, venue and personal jurisdiction challenges are waived here. *Duke Energy Indus. Sales, LLC v. Massey Coal Sales Co., Inc.*, 2011 WL 4744907 (S.D.W.Va. Oct. 11, 2011) (defendant that did not challenge district court's personal jurisdiction conceded that defendant resided in district for purposes of venue, and, thus, waived challenge to improper venue) (citing multiple cases in support); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004). In *Braun*, for example, defendant appeared before the district

court without contesting the court's jurisdiction over his person or his amenability to process in the district. *Id*. By his consent to personal jurisdiction, Braun was "found" to be in the Middle District of Florida for purposes of venue. *Id* at 1260. Here, *Blair* and *Elibrahimi* allege the same conduct giving rise to liability—the sale of mislabeled 100% Egyptian Cotton sheets—and the putative classes in each case overlap. Because Bed Bath & Beyond waived its ability to contest personal jurisdiction and venue in *Elibrahimi*, it also waived its ability to contest venue here.

Bed Bath & Beyond is also incorrect in asserting "Plaintiffs do not allege that any aspect of the events or omissions giving rise to their claims occurred in this District, let alone a substantial part of such events or omissions." D.E. 13, p. 7; Compl.¶¶ 10 ("This Court has personal jurisdiction over Defendant Bed Bath & Beyond. BB&B has conducted and continues to conduct business, including operating numerous retail stores in the State of Florida and within this District that have sold Welspun's products that were falsely labeled and marketed as 100% Egyptian Cotton. BB&B has also submitted to this Court's jurisdiction by litigating other substantively similar cases in this District."). The fact remains that Bed Bath & Beyond harmed Florida residents by selling mislabeled sheets to Florida residents. Defendant's actions in the state coupled with its affirmative choice to litigate similar claims it the state is sufficient to establish Florida as an appropriate venue to litigate this case.[8]

## C.    Transfer to the Southern District of New York is inappropriate at this stage.

Even if venue may be appropriate elsewhere, transfer of venue is still discretionary and permissive. 28 U.S.C. § 1406(a); *Poncy v. Johnson & Johnson*, 414 F. Supp. 551, 553 (S.D. Fla. 1976). Defendant correctly cites the two factors courts consider when determining whether to

---

[8] To the extent it is necessary for a Florida resident to bring claims against Bed Bath & Beyond in Florida to establish venue, as suggested by Defendant (D.E. 7), Plaintiffs respectfully requests leave to amend the complaint to add a Florida resident as a putative class member.

transfer a case: (1) whether the case could have been brought in the proposed transferee venue, and (2) whether transfer serves the convenience of the parties and witnesses and is in the interest of justice. D.E. 13, p. 8 (citing *M Tobacos, Inc., v. Case*, No. 14-81481-cv-Middlebrooks, 2015 WL 11438107, at *3-4 (S.D. Fla. Apr. 17, 2015) (transfer under § 1406(A)); *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013) (transfer under § 1404(a).). Here, the factors weigh in favor of not transferring this case at this time.

Plaintiffs do not contest that the action could have been brought in the Southern District of New York. But transfer does not serve the convenience of the parties and witnesses and is not in the interest of justice. Notwithstanding Bed Bath & Beyond's statement to the contrary, the outcome of *Elibrahimi* will likely impact the putative class here. It also appears that counsel for *Elibrahimi* has considerably less experience and resources available to litigate a complex case on behalf of a certified class of Florida residents than undersigned counsel. Justice does not permit defendants to strategically assert venue challenges when faced with substantively analogous cases.

Nor can Bed Bath & Beyond complain that the parties and witnesses would be inconvenienced by litigating in Florida when it is actively litigating a case involving the same parties and witnesses, and does not seek to transfer the related case. The plaintiffs in *Elibrahimi* have the right to depose the same witnesses as those in the other actions because their claims arise out of the same conduct—the sale of mislabeled 100% Egyptian cotton sheets to putative class members by Bed Bath & Beyond. Defendant ignores that discovery in *Elibrahimi* and *Blair*, and all other cases against Bed Bath & Beyond, Welspun, or any other manufacturer will largely be the same. The parties can avoid inconveniencing any party or witness by coordinating discovery. *See* MANUAL § 20.14 (describing coordination between cases pending in different

federal courts to avoid inconvenience, duplication, and conflicts.) Coordinating discovery will also alleviate issues related to the location of evidence, subpoena of witnesses, and trial efficiencies by allowing all parties (and the relevant courts) to effectively manage this case to a successful conclusion. But transferring one case to the Southern District of New York at this time (before considering coordination and consolidation) will do nothing to serve the convenience of the parties or witnesses because a substantively similar case will still be litigated in this forum.

**D.      The two Florida cases should be coordinated or consolidated; then the parties should determine whether transfer is appropriate.**

Plaintiffs believe this class action should remain in this District given Bed Bath & Beyond's decision to litigate a substantively analogous case in the District. But Plaintiffs are willing to revisit transfer to the Southern District of New York after it is determined whether the two cases against Bed Bath & Beyond alleging it sold mislabeled 100% Cotton Sheet to Florida residents should be coordinated or consolidated. Plaintiffs anticipate filing their motion to consolidate or coordinate forthwith. *Cobarruviaz v. Maplebear, Inc.*, 2016 WL 5725076, at 2 (N.D. Cal. Sept. 30, 2016) (citing MANUAL § 20.31 (4th ed. 2004))(describing benefits of coordination of competing class actions); *Kandel v. Brother Int'l Corp.*, 2009 WL 10429764, at 3 (C.D. Cal. May 12, 2009) (recognizing utility of transfer consolidation of overlapping claims and classes).

## IV.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court allow the parties time to organize, coordinate, and consolidate the multiple putative class actions pending in this District, and deny Defendant's motion to dismiss for lack of personal jurisdiction and improper venue.

Dated: March 7, 2017                    Respectfully submitted,

                                        /s/ Edward H. Zebersky
                                        Edward H. Zebersky, Esq. (FBN: 0908370)
                                        Todd S. Payne, Esq. (FBN: 834520)
                                        ezebersky@zpllp.com
                                        tpayne@zpllp.com
                                        ZEBERSKY PAYNE, LLP
                                        110 S.E. 6th Street, Ste. 2150
                                        Fort Lauderdale, Florida 33301
                                        Telephone: (954) 989-6333
                                        Facsimile: (954) 989-7781


                                        Robert B. Carey *(pro hac vice* pending)
                                        Leonard W. Aragon *(pro hac vice* pending)
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        11 West Jefferson Street, Suite 1000
                                        Phoenix, Arizona 85003
                                        Telephone: (602) 840-5900
                                        Facsimile: (602) 840-3012
                                        rob@hbsslaw.com
                                        leonard@hbsslaw.com

                                        and

                                        Stuart M. Paynter *(pro hac vice* pending)
                                        THE PAYNTER LAW FIRM PLLC
                                        1200 G. Street NW, Suite 800
                                        Washington, D.C. 20005
                                        Telephone: (202) 626-4486
                                        Facsimile: (866) 734-0622
                                        stuart@paynterlawfirm.com

                                        *Attorneys for Plaintiffs*

[1596211/1]
010633-11 942264 V1

## CERTIFICATE OF SERVICE

I certify that on March 7, 2017, the foregoing was filed with the Clerk of the Court using

the CM/ECF system, which will send a notice of electronic filing to counsel of record.


_/s/Edward H. Zebersky_
Attorney

**Service List**
*Blair, et al. v. Bed Bath & Beyond, Inc.*
Case No. 0:17-cv-60178-DMM

**Counsel for Plaintiffs**

Edward H. Zebersky, Esq. (FBN: 0908370)
ezebersky@zpllp.com
Todd S. Payne, Esq. (FBN: 834520)
tpayne@zpllp.com
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Robert B. Carey *(pro hac vice)*
Leonard W. Aragon *(pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com; leonard@hbsslaw.com

Stuart M. Paynter *(pro hac vice)*
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

**<u>Counsel for Defendant</u>**

Peter W. Homer (FBN: 291250)
phomer@homerbonner.com
Yaniv Adar (FBN: 63804)
yadar@homerbonner.com
HOMER BONNER JACOBS
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5136
Facsimile: (305) 982-0070