UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60178-CV-MIDDLEBROOKS/BRANNON

DONALD BLAIR, *et al.*,

            *Plaintiffs,*

vs.

BED BATH & BEYOND, INC.,

            *Defendant.*

**DEFENDANT BED BATH & BEYOND, INC.'S
REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR
<u>TRANSFER THE COMPLAINT, OR STAY THIS ACTION</u>**

Plaintiffs' Opposition confirms that they have no basis to proceed in this Court, as they cannot demonstrate personal jurisdiction or venue.[1] That is hardly surprising given that the instant matter does not involve a Florida party or Florida law. Indeed, Plaintiffs concede they cannot establish general jurisdiction over BB&B. (Opp'n at 7.) And they admit that neither named Plaintiff has the "causal relationship" necessary to establish specific personal jurisdiction or the connection to Florida necessary to make venue in this District proper. (*Id.* at 12 n.6, 14 n.8.)

To proceed further, Plaintiffs rely entirely on legal assertions that courts have long rejected. First, Plaintiffs argue that personal jurisdiction and venue exist because BB&B allegedly sold the products at issue to unnamed, putative class members in this District. Longstanding precedent rejects Plaintiffs' tenuous theory. *See, e.g., Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (requiring that "***plaintiff's*** claims 'arise out of or relate to' at least one of the defendant's contacts with the forum") (emphasis added); *Joseph v. Liberty Nat. Life Ins. Co.*, No. 08-20117-cv-Martinez, 2008 WL 2026006, at *1 (S.D. Fla. May 9, 2008) ("in considering venue, the inquiry must be focused only on the named Plaintiffs and not the potential class members"). Second, Plaintiffs argue that because BB&B successfully dismissed a case separately filed in this District, BB&B somehow waived the right to assert jurisdictional and venue challenges in this action. Again, the law is clear that defending one case on the merits in a district does not result in a party's submission to the jurisdiction and venue of that district for all other matters. In any event, the case to which Plaintiffs refer, *Elibrahimi v. Bed Bath & Beyond, Inc.*, 16-62573-cv-Moreno (S.D. Fla.) ("*Elibrahimi*"; complaint attached as Ex. 1 (the "*Elibrahimi* Compl.")), did not suffer from the same fundamental flaws as Plaintiffs' action, because *Elibrahimi* was filed by a **Florida** plaintiff who allegedly purchased a product from a **Florida** store.

To the extent the Court elects not to dismiss the suit outright, Plaintiffs have proffered no legitimate reason why the Court should not transfer this action to the SDNY, where a similar matter is pending. Plaintiffs "do not contest that th[is] action could have been brought in the Southern District of New York" (Opp'n at 10), nor do they deny that transfer of this action to the

---

[1] Unless otherwise defined in this reply, all abbreviations have the meaning given to them in BB&B's Motion to Dismiss or Transfer the Complaint (the "Motion"). (*See* Dkt. No. 13.) References to "Opp'n" are to Plaintiffs' Opposition to BB&B's Motion, Dkt. No. 22.

SDNY would be appropriate (*id*. at 2).  In their opposition, Plaintiffs instead ask the Court to coordinate this suit with the allegedly "related" *Elibrahimi* case that was pending in this District. But *Elibrahimi* has since been dismissed, rendering Plaintiffs' purported opposition to transfer moot.  (*See* Order of Dismissal, *Elibrahimi v. Bed Bath & Beyond, Inc.*, 16-62573-cv-Moreno, Dkt. No. 9 (S.D. Fla. Mar. 9, 2017) (the "*Elibrahimi* Order," attached as Ex. 2).)

This Court should accordingly dismiss the Complaint, transfer this case to the SDNY, or at the very least, grant a stay pending resolution of the SDNY Action.

## ARGUMENT

**I. PLAINTIFFS' GENERAL ALLEGATIONS REGARDING BB&B'S CONTACTS WITH THIS DISTRICT ARE INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION OR PROPER VENUE.**

As BB&B's Motion showed, the Complaint does not allege that Plaintiffs, their claims, or BB&B have the contacts with this District sufficient to establish personal jurisdiction or venue for this matter to proceed.  (Mot. at §§ I–II.)  Plaintiffs concede that they "are not asserting general jurisdiction."[2]  (Opp'n at 7.)  Therefore, for this Court to be able to exercise personal jurisdiction over BB&B, Plaintiffs must allege facts showing the existence of specific personal jurisdiction.  (Mot. at 5–6.)  To do so, Plaintiffs must clear the admittedly high burden of demonstrating that their own claims "'arise out of or relate to' at least one of [BB&B's] contacts with the forum."  (*See* Opp'n at 12 (citing *Louis Vuitton*, 736 F.3d at 1355).)  As the Eleventh Circuit has found, that means BB&B's Florida contacts must, at minimum, be a "but-for" cause of Plaintiffs' claims.  *See, e.g.*, *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222–23 (11th Cir. 2009).

---

[2] Because Plaintiffs do not purport to rely upon general jurisdiction, their arguments under Fla. Stat. § 48.193(2) (Opp'n at 8, 10), which concerns general personal jurisdiction, can be disregarded.  *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).

Nevertheless, any purported argument under Section 48.193(2) is easily disposed of on the merits.  "The reach of [Section 48.193(2)] extends to the limits on personal jurisdiction imposed by the Due Process Clause . . . .  [T]herefore, we need only determine whether the district court's exercise of jurisdiction over [BB&B] would exceed constitutional bounds."  *See Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010).  As set forth in BB&B's Motion (at 5–6) and as uncontested by Plaintiffs, exercising general personal jurisdiction over BB&B would violate the Due Process Clause because Florida is neither the state of BB&B's incorporation nor the location of its principal place of business.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

2

Plaintiffs' Opposition falls far short of this standard.  Plaintiffs do not dispute that there is no connection between themselves, their claims, or their injuries, on the one hand, and this District, on the other hand.  (*See, e.g.*, Opp'n at 12 (admitting that "Plaintiffs did not purchase [their] sheets in the state").)  Instead, Plaintiffs argue that BB&B's alleged sales and business within Florida with other, unnamed individuals are alone enough to demonstrate that **Plaintiffs'** own claims "arise out of or relate to [BB&B]'s contacts with the state."  (*Id*. at 11–12.)  But BB&B's Florida retail operations, including sales of allegedly similar linens to Florida customers, are irrelevant because, as Plaintiffs' Opposition confirms, BB&B's activities in Florida are simply not but-for causes of **Plaintiffs'** own alleged harm.  *See Oldfield*, 558 F.3d at 1222–23.

Plaintiffs cannot cure this jurisdictional defect by alleging that unnamed members of a putative class may have purchased allegedly mislabeled products in this District.  (Opp'n at 7, 12 n.7.)  "The law is clear that a plaintiff cannot rely on acts allegedly perpetrated against other putative class members to establish personal jurisdiction over defendants for her claims." *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1067 n.17 (S.D. Ala. 2007).[3]  Not surprisingly, the only two decisions that Plaintiffs cite that even involve class actions concerned **named plaintiffs from Florida** seeking redress for harm allegedly suffered **in Florida**.  *See Keim v. ADF MidAtl., LLC*, 199 F. Supp. 3d 1362, 1365 & n.2 (S.D. Fla. 2016) (named plaintiff received complained of text messages in Florida), *cited in* Opp'n at 7; *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 583 (Fla. 2000) (named plaintiff bought product at allegedly inflated price in Florida), *cited in* Opp'n at 9.  Those cases are plainly distinguishable

---

[3]  *See also, e.g.*, *Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 866 (N.D. Ill. 2016) ("Specific personal jurisdiction can arise only from the claims of the named plaintiffs, not those of absent class members."); *AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 986–87 (N.D. Cal. 2015) ("[Defendant] is not subject to specific jurisdiction, as [named plaintiff's] claims do not arise out of any of [defendant's] contacts with the forum . . . claims of unnamed class members are irrelevant to the question of specific jurisdiction."); *Johnson v. Law*, 19 F. Supp. 3d 1004, 1009 (S.D. Cal. 2014) (no specific personal jurisdiction where plaintiff "does not argue or allege that her specific claims arise out of any [forum] activities by Defendants" despite fact "that other putative class members may be located in this District"); *Beach v. Citigroup Alt. Invs. LLC*, No. 12 Civ. 7717 (PKC), 2014 WL 904650, at *6 (S.D.N.Y. Mar. 7, 2014) ("Contacts with unnamed class members may not be used as a jurisdictional basis, especially before a class has been certified."); *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 136 n.8 (D.D.C. 2004) ("plaintiffs cannot rely on alleged injury to putative plaintiffs in order to meet the in-District injury requirement").

from the present case. Here, the named Plaintiffs are residents of Arizona and North Carolina, not Florida, and there is not a single Complaint allegation that they ever did anything in Florida.

Equally unavailing is Plaintiffs' attempt to demonstrate venue through the Complaint's class allegations. (Opp'n at 14.) Plaintiffs cannot argue that simply "selling mislabeled sheets to Florida residents" (*id.*)—none of whom are plaintiffs in this action—is enough to establish venue. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) (emphasizing that venue is only proper in "those locations hosting a 'substantial part' of the events" giving rise to a plaintiff's claim); *Joseph*, 2008 WL 2026006, at *1 ("in considering venue, the inquiry must be focused only on the named Plaintiffs and not the potential class members"); Mot. at 7–8.

In a last-ditch effort that reveals the weakness of their hand, Plaintiffs request "leave to add a Florida resident as a putative class representative and allege a Florida subclass." (Opp'n at 12 n.6; *see also id.* at 14 n.8.) That request is a tacit admission that the Complaint is inadequate. More importantly, it is procedurally improper. *See, e.g.*, *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("a request for leave submitted in a footnote in a memo opposing a motion to dismiss [is] insufficient to require the court to grant leave to amend"); *M Tobacos, Inc. v. Case*, No. 14-81481-cv-Middlebrooks, 2015 WL 11438107, at *4 (S.D. Fla. Apr. 17, 2015) ("the Eleventh Circuit has explained that a plaintiff cannot seek leave to amend its complaint through a response to a motion to dismiss"). The Court should accordingly dismiss the Complaint for lack of personal jurisdiction and improper venue.

## II.   THE NOW DISMISSED *ELIBRAHIMI* CASE DOES NOT ESTABLISH JURISDICTION OR VENUE IN THIS CASE.

Much of Plaintiffs' opposition to dismissal rests on their contention that BB&B previously defended another case in the District—*Elibrahimi*. To that end, Plaintiffs argue that BB&B "waived its right to challenge jurisdiction and venue" in **this** case. (Opp'n at 13.) Plaintiffs are wrong. It is well established that "defense on the merits in a suit brought by one party cannot constitute consent to suit as a defendant brought by different parties." *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005); *see also McDaniel v. IBP, Inc.*, 89 F. Supp. 2d 1289, 1293 (M.D. Ala. 2000) ("[P]ropriety of venue cannot be established merely because [defendant] consented to venue in another case bringing different claims under other facts."); *In re Townsend*, 84 B.R. 764, 766 (Bankr. N.D. Fla. 1988) ("Counsel has not provided any authority[,] nor has the Court been able to find any authority[,] to support the proposition that the

4

waiver of an objection to venue in one case should bar by waiver or estoppel a similar objection in another case.").[4]

Plaintiffs are also wrong on the facts, as *Elibrahimi* is materially different from the present suit. *Elibrahimi* featured a named **Florida** plaintiff who was allegedly injured because she purchased an allegedly mislabeled product from a **Florida** store. This suit involves named plaintiffs from Arizona and North Carolina who allegedly purchased different products from Arizona and North Carolina stores. Put simply, there is nothing from the now-dismissed *Elibrahimi* action that can cure the fatal jurisdictional or venue defects warranting dismissal of this suit.

## III.  THE CASE SHOULD BE TRANSFERRED TO THE SDNY.

Because Plaintiffs' jurisdictional and venue allegations are deficient, this case has no basis to continue in this District and should be dismissed. But Plaintiffs have also offered no reason why this case should not be transferred to the SDNY if the Court does not dismiss the case outright. Plaintiffs do not dispute that all of the relevant factors favor transfer to the SDNY over keeping Plaintiffs' action with this Court. For instance, Plaintiffs do not, and cannot, dispute the efficiency and judicial economy that would result from transfer to the SDNY, since the SDNY Action involves the same claims against BB&B (Opp'n at 4), an even broader nationwide putative class covering all purchasers of Welspun-manufactured bed linens, regardless of retailer (*id.* at 2), and identical allegations regarding whether Welspun-manufactured bed linens were properly labeled as "100% Egyptian Cotton." (*Compare* Consol. Am. Class Action Compl. at ¶¶ 1, 11, 27, 40–44, *In re Welspun Litig.*, No. 16 Civ. 6792 (RJS), Dkt. No. 60 (S.D.N.Y. Feb. 27, 2017), attached as Ex. 3, *with Blair* Compl. at ¶¶ 1, 7, 17–25.) Plaintiffs likewise do not question the obvious convenience that the SDNY offers to the parties and witnesses as the place of incorporation of BB&B and WUSA. (*See* Opp'n at 15–16 (only arguing that the "parties can avoid inconveniencing any party or witness by coordinating discovery").) Nor do Plaintiffs contest that their own choice in forum should be accorded very

---

[4]  Not surprisingly, the cases Plaintiffs cite to support their argument are inapposite. *See Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (defendant waived objection to personal jurisdiction when his earlier motion to dismiss **in the same case** did not contain such an objection), *cited in* Opp'n at 13–14; *Duke Energy Indus. Sales, LLC v. Massey Coal Sales Co.*, No. 11-cv-92, 2011 WL 4744907, at *2 (S.D. W. Va. Oct. 7, 2011) (same), *cited in* Opp'n at 13.

little, if any, weight given that they are out-of-town residents seeking to represent a putative nationwide class. (Mot. at 11–12.)

In fact, Plaintiffs' only objection to the immediate transfer of their action to the SDNY is that they "believe" their case should first be consolidated or coordinated with *Elibrahimi*. (Opp'n at 16.) *Elibrahimi*, however, was dismissed on March 9, 2017. *See* Ex. 2, *Elibrahimi* Order. Plaintiffs thus no longer have any excuse to keep their case in this District.[5] Accordingly, should this Court decide not to dismiss Plaintiffs' Complaint, the Court should transfer this case to the SDNY, where it can be consolidated with the SDNY Action. *See Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1196–97 (11th Cir. 1991) (transfer was appropriate when it would allow consolidation of action with related action pending in transferee court).

## CONCLUSION

For the foregoing reasons, and those stated in its Motion to Dismiss or Transfer the Complaint, Defendant BB&B respectfully requests that this action be dismissed, transferred to the SDNY, or stayed pending resolution of the SDNY Action.

Dated: March 14, 2017

---

[5] Even if *Elibrahimi* remained open, coordination or consolidation with that case would be improper because Plaintiffs' action could not be brought here. (*See* Mot. at 6–7.) Moreover, coordinating or consolidating *Elibrahimi* with this action would not lead to any efficiencies, judicial economy, or party or witness convenience. As BB&B noted in its reply in support of its motion to stay (Dkt. No. 20), *Elibrahimi* and this action involve two mutually exclusive classes based on alleged purchases of ***different*** products supplied by ***different*** manufacturers and are based on ***different*** legal claims. (*See also* Opp'n at 2 (admitting to "primary differences" between the two cases).) In stark contrast, this action and the prior-filed SDNY Action involve overlapping putative nationwide classes based on the purchase of the same type of products (bed linens) from the same manufacturer (Welspun). There can be no doubt that transferring this case to the SDNY would be more efficient, economical, and convenient than maintaining it here.

Respectfully submitted,

HOMER BONNER JACOBS

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida  33131
Phone:  (305) 350-5136
Fax:  (305) 982-0070

By:   /s/  Yaniv Adar
     Yaniv Adar
     Email:  phomer@homerbonner.com
     Florida Bar No: 291250
     Yaniv Adar
     E-mail: yadar@homerbonner.com
     Florida Bar No: 63804

*Attorneys for Defendant Bed Bath & Beyond, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by operation of this Court's electronic case filing system on March 14, 2017 on all counsel or parties of record on the Service List below.

Yaniv Adar
Yaniv Adar

## SERVICE LIST

**Counsel for Plaintiffs**

Edward H. Zebersky
ezebersky@zpllp.com
Todd S. Payne
tpayne@zpllp.com
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Robert B. Carey *(pro hac vice)*
Leonard W. Aragon *(pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com; leonard@hbsslaw.com

Stuart M. Paynter *(pro hac vice)*
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

*Attorneys for Plaintiffs Donald Blair and Debbie Holland*