UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60178-CV-MIDDLEBROOKS/BRANNON

DONALD BLAIR, *et al.*,

                *Plaintiffs,*

vs.

BED BATH & BEYOND, INC.,

                *Defendant.*

**DEFENDANT BED BATH & BEYOND, INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF CONSENT TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiffs' notice is disingenuous. When Plaintiffs informed Defendant Bed Bath & Beyond, Inc. ("BB&B") that they no longer opposed transferring this action to the Southern District of New York, BB&B drafted a joint motion to transfer the action pursuant to 28 U.S.C. § 1406(a) given that Plaintiffs filed in an improper venue. Plaintiffs rejected that proposal, seeking transfer under 28 U.S.C. § 1404(a).[1] BB&B proposed a compromise, but Plaintiffs rejected that proposal too and, before further discussion could take place and without first informing BB&B, Plaintiffs filed their Notice of Consent. (Dkt. No. 25.)

---

[1] Transfer under § 1404(a) and § 1406(a) affects the applicable choice of law rules. After a § 1406(a) transfer, the transferee court will apply the choice of law principles of the state where it sits; while generally after a § 1404(a) transfer, the choice of law principles of the state where the transferor court sits continue to apply. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Mot. Inns, Inc.*, 689 F.2d 982, 991–92 (11th Cir. 1982). Section 1406 transfer is more appropriate here because Plaintiffs should not be permitted to bring suit in an improper venue which lacks jurisdiction over BB&B "for the purpose of capturing the law of that jurisdiction for transportation to the jurisdiction in which service can be obtained." *Id.* at 992 (quoting *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1108 (5th Cir. Unit A June 1981)).

As set forth in BB&B's Motion to Dismiss or Transfer (Dkt. No. 13), because venue is improper and personal jurisdiction over BB&B is lacking in this District, this case should be transferred pursuant to § 1406(a).  However, to avoid further unnecessary expense and waste of judicial resources, BB&B also consents to transfer to the Southern District of New York pursuant to § 1404(a).

Dated: March 29, 2017

Respectfully submitted,

HOMER BONNER JACOBS

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida  33131
Phone:  (305) 350-5136
Fax:  (305) 982-0070

By:  */s/  Yaniv Adar*
      Peter W. Homer
      Email:  phomer@homerbonner.com
      Florida Bar No: 291250
      Yaniv Adar
      E-mail: yadar@homerbonner.com
      Florida Bar No: 63804

*Attorneys for Defendant Bed Bath & Beyond, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by operation of this Court's electronic case filing system on March 29, 2017 on all counsel or parties of record on the Service List below.

*/s/  Yaniv Adar*
Yaniv Adar

## SERVICE LIST

Edward H. Zebersky
ezebersky@zpllp.com
Todd S. Payne
tpayne@zpllp.com
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Stuart M. Paynter
THE PAYNTER LAW FIRM PLLC
1200 G. Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
stuart@paynterlawfirm.com

*Attorneys for Plaintiffs*
*Donald Blair and Debbie Holland*

Robert B. Carey
Leonard W. Aragon
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com